**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-21138-BLOOM**

ANTHONY LOUIS DAVIDE,

     Plaintiff,

v.

AD CAPITAL COLLECTIONS, LLC,

     Defendant.

_____/

## <u>ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER</u>

**THIS CAUSE** is before the Court following an appeal from the U.S. Bankruptcy Court of the Southern District of Florida ("Bankruptcy Court"). Appellant Anthony Louis Davide ("Davide") filed a Notice of Appeal, ECF No. [1], and Initial Brief. ECF No. [16]. Appellee AD Capital Collections, LLC. ("AD Capital") filed a Response Brief. ECF No. [22]. Davide filed a Reply Brief, ECF No. [26]. The Court has reviewed the briefs, the record, and is otherwise fully advised. For the reasons set forth below, the Bankruptcy Court's Order is affirmed.

## I.  BACKGROUND

On March 16, 2022, Davide filed for Chapter 11 Bankruptcy. BK ECF No. [1]. A year later, on March 16, 2023, Davide filed his Disclosure Statement. BK ECF No. [217]. Davide filed an Amended Disclosure Statement on May 18, 2023. BK ECF Nos. [250]. On July 5, 2023, AD Capital moved to convert the case from a Chapter 11 to a Chapter 7 Bankruptcy. BK ECF No. [275]. Over the course of the litigation, Davide ultimately filed nine plans and four disclosure statements. Davide filed his Fourth Modified Fourth Amended Plan on March 26, 2024, after the Parties spent two days in trial on confirmation of Davide's plan and AD Capital's motion to convert. BK ECF No. [604]. On February 5, 2025, the Bankruptcy Court made an oral ruling

denying confirmation of Davide's plan and granting AD Capital's motion to convert. BK ECF No. [747].

On March 5, 2026, Davide timely filed his Notice of Appeal. ECF No. [1]. The appeal is fully briefed and ripe for adjudication. In his Initial Brief, Davide argues the Chapter 11 Bankruptcy should not have been converted because AD Capital failed to establish a basis for conversion under 11 U.S.C. § 1112, the Bankruptcy Court's findings improperly mirrors AD Capital's proposed findings, AD Capital failed to prove conversion was in the best interest of the creditors, and the appointment of a Chapter 11 trustee was a viable alternative to conversion. ECF No. [16].

AD Capital responds that the Bankruptcy Court did not err in denying confirmation of Davide's plan, did not err when converting the case to a Chapter 7 Bankruptcy, made its own independent findings when announcing its ruling at the February 5, 2025, hearing, and did not err in foregoing the appointment of a Chapter 11 trustee. ECF No. [22].

## II.    LEGAL STANDARD

This Court has jurisdiction to hear this appeal of a final order issued by the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo*, and its factual findings for clear error. *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009); *Club Associates v. Consol. Capital Realty Investors (In re Club Associates)*, 951 F.2d 1223, 1228 (11th Cir. 1992). "Under *de novo* review, a Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Mut. Ben. Offshore Fund, Ltd.*, 508 B.R. 762, 769 (S.D. Fla. 2014) (citing *Kaiser Aerospace and Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1295 (11th Cir. 2001)). Reviewing for clear error, "findings of fact are not clearly erroneous unless, in light of all of the evidence, [the reviewing court is] left with the definite and firm conviction

that a mistake has been made." *Westgate Vacation Villas, Ltd. v. Tabas (Int'l Pharmacy & Discount II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005).

Additionally, the determination of certain matters is committed to the discretion of the bankruptcy court and is reviewed for abuse of discretion. *See, e.g., Phillips v. Phillips (In re Phillips)*, 2013 WL 1899611, at *1 (M.D. Fla. May 7, 2013) ("Where a matter is committed to the discretion of the bankruptcy court, the district court must affirm unless it finds that the bankruptcy court abused its discretion.") (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2006)); *Charter Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.)*, 125 B.R. 650, 654 (M.D. Fla. 1991) (same, regarding admission of evidence) (citing *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir. 1981)). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or on misapplication of the law to the facts." *Park Nat. Bank v. Univ. Ctr. Hotel, Inc.*, 2007 WL 604936, at *1 (N.D. Fla. Feb. 22, 2007); see also *Amlong & Amlong*, 500 F.3d at 1238 ("A decision that is contrary to the law plainly is an abuse of discretion."); *West v. Smith (In re Cecil)*, 2012 WL 3231321, at *2 (M.D. Fla. Aug. 3, 2012) ("A court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts. In its application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard."). It is through this lens that the Court considers the instant appeal.

## III.   DISCUSSION

### A.   The Bankruptcy Court Properly Found Cause for Either Conversion or Dismissal Under 11 U.S.C. § 1112(b)(1)

Davide argues AD Capital failed to meet its burden to show that his Chapter 11 Bankruptcy case was subject to conversion to a Chapter 7 Bankruptcy under § 1112. ECF No. [16] at 17. In support of his argument, Davide cites to *Matter of Woodbrook Assocs.*, 19 F.3d 312 (7th Cir. 1994)

for the contention that if a debtor proposes a confirmable plan or could easily amend the plan to make it confirmable, conversion is not appropriate. *Id*.

AD Capital responds that it established by a preponderance of the evidence multiple bases for conversion. ECF No. [22] at 21. First, AD Capital points out that the Bankruptcy Court "made the legal finding that [Davide] grossly mismanaged the estate." *Id*. Second, AD Capital argues the Bankruptcy Court found cause to convert the case because Davide acted in bad faith due to repeated failures to meet his duty to be honest and accurate as a debtor in possession. *Id*. at 22. Moreover, AD Capital contends that Davide fails to address the factual findings made by the Bankruptcy Court and avers that Davide mistakenly relies on *Woodbrook* for a contention not actually found in the case. *Id*.

Ultimately, the Bankruptcy Court found cause based on "several factors, most importantly the debtor's lack of credibility". ECF No. [10] at 53.

> The debtor operated – and I don't mean operated in terms of all of the assets and his compliance with Chapter 11 guidelines and so forth, but the overall progress of this case through the various plan iterations, I find was in bad faith, given that he had a duty to be honest and accurate as a debtor-possession, and as described, failed to meet that duty.

*Id*. The Court further found Davide was not truthful in his schedules, filed disclosure statements with false representations and material omissions, testified untruthfully, fabricated documents, and mismanaged the estate "as the term is used in [§] 1112, by concealing postpetition transactions and by colluding with insiders. . . to divert value out of the estate, gross mismanagement as part of cause is [§] (b)(4)(B). " *Id*. at 54.

As an initial matter, this Court notes that Davide does not challenge or even address the factual findings made by the Bankruptcy Court. Moreover, the lone case relied on by Davide, *Woodbrook*, does not support the contention that if a debtor proposes a confirmable plan, conversion is not

appropriate. In *Woodbrook*, no party argued that conversion was in the best interest of the creditors. *Matter of Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994). Additionally, the Court noted that "bankruptcy courts are given a great deal of discretion to say when enough is enough" regarding multiple and alternative plans. *Id.* at 322. To that end, the Seventh Circuit found the bankruptcy court did not abuse its discretion in dismissing a Chapter 11 bankruptcy case when it was unreasonable to expect that a plan could be confirmed. *Id.* at 316.

Davide placed himself in a different position. Here, the Bankruptcy Court found cause for conversion based upon Davide's gross mismanagement of the estate and his bad faith throughout the proceedings. Section 1112(b)(4)(B) explicitly lists "gross mismanagement of the estate" as "cause" for conversion or dismissal of a Chapter 11 case.  11 U.S.C.§ 1112(b)(4)(B). As AD Capital points out, Davide failed to challenge the Bankruptcy Court's finding of gross mismanagement and as such, cause for conversion or dismissal is proper on gross mismanagement alone. *See In re No Rust Rebar, Inc.*, 641 B.R. 412, 429 (Bankr. S.D. Fla. 2022) (finding conversion in the best interests of the estate considering the debtor in possession's incompetence and gross mismanagement); *see also In re Gilroy*, No. BAP NH 07-054, 2008 WL 4531982, at *4 (B.A.P. 1st Cir. Aug. 4, 2008) (After the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, " § 1112(b)(1) is "no longer permissive, but instead mandates conversion or dismissal if the movant establishes exclusive cause, and no unusual circumstances establish that conversion or dismissal is not in the best interests of creditors.").

Moreover, the Bankruptcy Court also found Davide acted in bad faith throughout the proceedings. Section 1112(b) of the Bankruptcy Code's list of what may constitute cause for dismissal or conversion is not exhaustive. *In re Boughton*, 243 B.R. 830, 834 (Bankr. M.D. Fla. 2000) (citing *In re Jacksonville Riverfront Dev. Ltd.*, 215 B.R. 239, 242 (Bankr. M.D. Fla. 1997)).

"The Eleventh Circuit has firmly established good faith is an implicit prerequisite to filing a Chapter 11 bankruptcy petition." *Id*. (citing *In re Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670 (11th Cir.1984)). To that end, lack of good faith also constitutes cause for dismissal or conversion. *Id*. (citing *In re Wells*, 227 B.R. 553, 560 (Bankr. M.D. Fla. 1998).

Here, Davide does not challenge any specific factual finding of the Bankruptcy Court. Moreover, "[f]indings of facts, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Deramus v. Bank of Prattville*, 180 B.R. 665, 667 (M.D. Ala. 1995) (citing Fed. R. Bankr. P. 8013). Thus, the Court turns to whether the finding of "bad faith" had a legal basis.

Bad faith conduct sufficient to warrant cause for conversion must be "atypical" or "extraordinary". *In re Basil St. Partners, LLC*, 477 B.R. 856, 863 (Bankr. M.D. Fla. 2012) (quoting *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 382 (2007)). As the Court in *Basil St. Partners* found, the debtor in *Marrama*, "fraudulently concealed significant assets from the chapter 7 trustee. The debtor made false statements and omissions in his schedules and financial affairs concerning the ownership, value, and pre-petition transfer of his principal asset." *Id*. Here, the Bankruptcy Court similarly found Davide was not truthful in his schedules, filed disclosure statements with false representations and material omissions, testified untruthfully, and fabricated documents. ECF No. [10] at 54. Thus, the Court concludes the Bankruptcy Court properly found Davide to have acted in bad faith further warranting cause for conversion.

### B. The Bankruptcy Court Did Not Err in Finding Conversion and Foregoing the Appointment of a Chapter 11 Trustee

Davide also argues that AD Capital failed to establish conversion was in the best interests of the creditors. ECF No. [16] at 20. In support of his argument, Davide cites *In re Baker*, 503 B.R. 751, 755 (Bankr. M.D. Fla. 2013) for the contention that "courts may consider whether the bankruptcy estate will be enhanced if the case is converted." *Id*. Davide further argues that appointment of a Chapter 11 trustee was a viable, less drastic alternative than conversion. Davide contends that under 11 U.S.C. § 1112(b) the Bankruptcy Court is required to consider "whether the appointment of a trustee or examiner would be in the best interests of creditors and the estate." ECF No. [16] at 22. Davide avers the Bankruptcy Court failed to consider such an appointment.

AD Capital responds that no evidence exists to suggest dismissal of the case or appointment of a trustee would enhance the estate in a meaningful way. ECF no. [22] at 23. Moreover, AD Capital responds that the Bankruptcy Court did consider the appointment of a Chapter 11 trustee and determined such an appointment was not appropriate. ECF No. [22] at 27.

Under Section 1112(b)(1), " the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). This section requires the Bankruptcy Court to engage in a two-step analysis. First, the Court must find cause. Second, the Court must determine whether conversion or dismissal is in the best interests of the creditors. *In re Sundale, Ltd.*, 471 B.R. 300, 302 (Bankr. S.D. Fla. 2012). "After finding 'cause,' a bankruptcy court has 'broad discretion' to determine what approach is in the best interests of creditors and the estate." *In re Spenlinhauer*, 592 B.R. 1, 7 (D. Mass. 2018) (quoting *Andover Covered Bridge, LLC*, 553 B.R. 162, 171 (B.A.P. 1st Cir. 2016)). "There is no

'bright-line test' for determining whether dismissal or conversion is more appropriate. . . and the underlying objective is to do that which is in the best interests of both the creditors and the bankruptcy estate. *In re Brooks*, 488 B.R. 483, 492 (Bankr. N.D. Ga. 2013) (quoting *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011)).

While the Bankruptcy Court did explicitly set forth precise findings as to why conversion was in the best interests of the creditors over dismissal, any error was harmless. As AD Capital points out, Davide does not argue dismissal was more appropriate than conversion. Moreover, all creditors that opposed confirmation of Davide's plan requested conversion to Chapter 7 rather than dismissal. ECF No. [22] at 23-24.  Beyond that, there is no record evidence to suggest dismissal was more appropriate than conversion.

Turning to the appointment of a Chapter 11 trustee, as AD Capital points out, the Bankruptcy Court *did* address such an appointment:

> To -- to supplement the ruling, the Court finds that conversion to Chapter 7 is more appropriate than appointment of a Chapter 11 Trustee.  In my experience, and the U.S. Trustee can comment, I don't want to take -- reopen this to argument, but on that point, in my experience, it's very rare for a Chapter 11 Trustee to propose a plan that gets confirmed and almost always it winds up in conversion. At this point, given the nature of the assets, I just don't see the benefit of appointing a Chapter 11 Trustee, and I have before the Court the motion to convert, which I find cause to grant.

ECF No. [10] at 58. "The decision whether to appoint a trustee is vested in the discretion of the bankruptcy court and will be reviewed on an abuse of discretion standard." *In re Breland*, 570 B.R. 643, 657 (Bankr. S.D. Ala. 2017) (quoting *In the Matter of Intercat, Inc.,* 247 B.R. 911, 920 (Bankr. S.D. Ga. 2000)). Davide cites no case law, statutory authority, or articulates any argument as to why the Bankruptcy Court abused its discretion in foregoing the appointment of a Chapter 11 trustee. As such, this Court finds the Bankruptcy Court did not abuse its discretion in foregoing such an appointment and finding conversion to be more appropriate.

### C. The Bankruptcy Court's Findings Do Not Improperly Mirror AD Capital Proposed Findings

Finally, Davide argues the Bankruptcy Court's findings improperly mirror AD Capital's proposed findings and "echo the same argumentative tone and language." ECF No. [16] at 18. Davide further argues that the "absence of independent factual analysis by the Court, despite a full evidentiary record supporting feasibility and good faith, renders its conclusions suspect and subject to reversal." *Id*. Davide cites to *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, (1985), for the contention that while courts may adopt findings proposed by a party, the findings must be independently evaluated and not adopted without scrutiny. *Id*. Davide argues the Bankruptcy Court committed clear error by refusing to allow him to make further modifications to his proposed Chapter 11 plan. *Id*. at 19.  AD Capital responds that it is clear the Bankruptcy Court did not adopt its proposed findings verbatim. ECF No. [22] at 24. Moreover, even if the Bankruptcy Court did adopt AD Capital's findings, the Court would still need to find the findings clearly erroneous. *Id* at 25. To that end, AD Capital contends that Davide failed to explain how the Bankruptcy Court committed clear error. *Id*. at 26.

The Court agrees with AD Capital. As AD Capital correctly points out, the Bankruptcy Court discussed the distinctions between its findings and AD Capital proposed findings:

> My findings include many facts that were in AD Capital's proposed findings, which I've gone through carefully and edited, supplemented, added my own flavor to some of the transactions, and I've omitted most of the  specific pincites in AD Capital's proposed findings, but I  reviewed every page of my trial notes, and there were lots  of pages, looked at several exhibits, and reread portions of the trial and deposition testimony, and I will include  some specific pincites where I looked back at the specific  language in the transcript. But I refer to my notes, because my notes, I have comments in the margins, including my reaction contemporaneously with the testimony, which I find important when it's months later, and those margin notes were consistent generally with the proposed findings that were submitted by AD Capital and supplemented here.

ECF No. [10] at 15-16. Second, even if AD Capital's findings were adopted, "the findings are those of the court and may be reversed only if clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 572 (1985).

Though Davide argues the Bankruptcy Court's failure to allow further modification of his Chapter 11 plan constituted clear error, he is mistaken. Section 1127(b) permits the proponent of a plan or the reorganized debtor to modify a plan "at any time after confirmation of such plan and before substantial consummation of such plan," but only if "circumstances warrant such modification" and the court confirms the modified plan under Section 1129. 11 U.S.C. § 1127(b). However, the statute cannot be read to allow an unlimited statutory right to modify a plan, particularly when a debtor has already amended a plan multiple times. *See In re Univ. Creek Plaza, Ltd.*, 176 B.R. 1011, 1018 (S.D. Fla. 1995)("The record shows that University had already modified and/or amended its Plan four times. In light of these modifications/amendments, and contrary to University's position, this Court does not read 11 U.S.C. § 1127(a) as providing University with the statutory and unlimited right to modify its Plan. . .") Here, Davide has had the opportunity to file many amended plans, the last of which was his fourth modified amended plan, filed on March 26, 2024. BK ECF No. [604]. Davide offers no case law or statutory authority for why he should have been allowed further modification.

IV.     **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The decision of the U.S. Bankruptcy Court of the Southern District of Florida, as evidenced in the Hearing Transcript included in this case at ECF No. [10] and in the Bankruptcy Court's Order filed on February 6, 2025, *see In re: Anthony Louis Davide*, 22-BK-12061-RAM, **BK ECF No. [747]**, is **AFFIRMED**.

2.. The Clerk of Court is directed to **CLOSE** this case.

Case No. 25-cv-21138-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 11, 2026.

BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

11